UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA : 

   v.     :     1:25-mj-21

SHAREEM HALL     :

**DEFENDANT'S APPEAL OF THE MAGISTRATE COURT'S ORDER SETTING DETENTION HEARING OR IN THE ALTERNATIVE, MOTION TO DISMISS COMPLAINT**

On January 28, 2025, Mr. Shareem Hall and Mr. Damon Middleton were arrested from a white Ford Mustang parked on the 1800 block of Wiltberger Street, NW Washington D.C. after police officers found a gun hidden and outside of view underneath the front passenger seat of the car. Both men were arrested under the theory that they both "constructively possessed the firearm and ammunition."

On January 30, 2025, Magistrate Judge Sharbaugh signed the complaint, attested to him by telephone. Mr. Hall was arrested on March 21, 2025, but his case was no papered in Superior Court. On March 24, 2025, Mr. Hall had his initial appearance before Magistrate Judge Sharbaugh in District Court.

At the hearing, the government requested detention pending trial. The defense objected, arguing that the complaint did not meet the probable cause standard, as it did not make out the elements for constructive possession. Specifically, the defense argued that the complaint did not establish knowledge and only demonstrated Mr. Hall's proximity to the firearm. Magistrate Judge Sharbaugh overruled the objection and detained Mr. Hall pending a detention hearing.

**Relevant Facts**

According to the facts stated in the Complaint, on January 28, officers approached a car occupied by Mr. Damon Middleton in the driver's seat and Mr. Hall in the passenger seat. The officers believed it saw a white substance that could be narcotics on Mr. Middleton's lap and ordered both him and Mr. Hall out of the car. Mr. Middleton "attempted to try and drive away, but was ordered not to … and he complied." Mr. Hall "physically resisted exiting the vehicle and appeared to be under the influence of an unknown substance… was yelling and screaming and had to be taken down to the ground and pepper sprayed." Exh. 1 Complaint.

The officers recovered drugs that field tested positive for cocaine. A black 9 mm handgun was recovered under the front passenger seat, apparently out of plain view of both the officers and Mr. Hall. The complaint reports no furtive gestures made by either individual either towards their pockets, towards any part of the car. No nervous movements are reported by the officers and no statements by either person is mentioned. The complaint contains no information that indicates that Mr. Hall ever had knowledge of the existence of the gun. The car was a rental car rented by Mr. Middleton. Inexplicably, however, the complaint alleges that Mr. Hall and Mr. Middleton were both in constructive possession of that firearm.

**Argument**

If a magistrate judge's finding of probable cause cannot be supported by the four corners of a complaint, the defendant must be released and the complaint must be dismissed. Here, the complaint includes no factual allegations which could support a finding of probable cause that Mr. Hall constructively possessed the firearm recovered in the car. Mr. Hall must be released, and the complaint must be dismissed.

A criminal complaint serves a vital, initial function in our criminal justice system. At a high level, the complaint must provide an answer to the neutral magistrate's "hypothetical questions, 'What makes you think the defendant committed the offense charged?'" *Jaben v. United States*, 381 U.S. 214, 224 (1965). This way, the magistrate ensures that "the charges are not capricious and are sufficiently supported to justify bringing into play the further steps of the criminal process." *Id.* at 224-25.

A barebones complaint, however, will not do. Instead, probable cause must "appear on the face of the complaint." *Giordenello v. United States*, 357 U.S. 480, 487 (1958). Probable cause, however, may not be supported by conclusory allegations. "It is equally essential that the complaint set forth with particularity the facts alleged to constitute a crime." *United States ex rel Spader v. Wilentz*, 25 F.R.D. 492, 494 (D.N.J. 1960). Indeed, a complaint is "palpably inadequate" when it contains mere allegations consistent of conclusions of fact that describe the offense." *United States v. Beasley*, 485 F.2d 60, 63 (10th Cir. 1973).

It is up to the neutral magistrate presented with a complaint to "judge for himself the persuasiveness of the facts relied on by a complaining officer to show probable cause. He should not accept without question the complaint's mere conclusion that the person whose arrest is sought has committed a crime." *United States v. Greenberg*, 320 F.2d 467, 470 (9th Cir. 1963).

Here, the four corners of the complaint cannot support a finding of probable cause because it contains nothing but conclusory allegations that Mr. Hall constructively possessed the firearm. Any additional facts which (if true) might prove that to be the case are completely absent from the complaint. The law of constructive possession is well settled to require more than mere presence and more than knowledge of the existence of contraband:

> Possession means to have physical possession or to otherwise exercise control over tangible property…. [A] person may exercise control over property not in his or her physical possession if that person has both the power and the intent at a given time to control the property. This is called "constructive possession."
>
> ….
>
> Mere presence near something or mere knowledge of location, however, is not enough to show possession. To prove possession of [the firearm] against [Mr. Hall] in this case, the government must"

allege facts indicating that he had constructive possession of it. 1 Criminal Jury Instructions for D.C. Instruction 3.104.

In other words, even if Mr. Hall was aware that the firearm was under the passenger seat in Mr. Middleton's car (and the government does not allege that he was), he is not criminally liable absent evidence that he had some power and intent to exercise control over the firearm. "Although 'mere proximity' to a gun is insufficient to establish constructive possession, 'evidence of some other factor – including connection with a gun, proof of motive, a gesture implying control, evasive conduct, or a statement indicating involvement in an enterprise – coupled with proximity may suffice.'" *United States v. Alexander*, 331 F.3d 116, 127 (D.C. Cir 2003). The complaint alleges no connections between Mr. Hall and the gun, no proof of motive, no gestures on his part whatsoever and no statements regarding knowledge of a gun or criminal enterprise. The complaint also claims no evasion, although there is alleged resistance attributed to intoxication.

Indeed, this complaint provides no evidence that Mr. Hall even *knew* that the firearm existed – a prerequisite to the second step of finding that he had the power to exercise dominion and control. The officers observe an individual seated in the passenger seat who is either doing drugs or seated next to someone doing drugs. As officers approach, he acts erratically and is ultimately subdued. Never does Mr. Hall do anything that even suggests that he knows that there is anything under the passenger seat of the car. He neither bends down nor reaches down to

place anything under the car. He does not try to conceal the firearm or misdirect the officers from that location.

Our Circuit has "emphasized the importance of distinguishing between [contraband] found in plain view in a common area and those that are hidden." *See United States v. Dorman*, 860 F.3d 675, 681 (D.C. Cir 2017). That distinction is fatal to the complaint here because the government cannot demonstrate knowledge, much less power and intent to control and "there is [no] additional evidence, including the defendant's presence and conduct at the time of the search or an item in his control, linking him to the contraband." *Id.* Upon a search of Mr. Hall, officers recovered no additional contraband linking him to the firearm, such as ammunition or a holster. No drugs were even recovered from Mr. Hall's person.

## Conclusion

The four corners of the complaint do not allege power, intent or even knowledge. Here, the complaint's answer to the magistrate's "hypothetical question, 'What makes you think the defendant committed the offense charged?'" *Jaben*, 381 U.S. at 224, is mere proximity. And because it is well settled that proximity is insufficient to show constructive possession, it is thus falls well short of the probable cause standard. There should be no detention hearing, Mr. Hall should be released, and the complaint should be dismissed.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
EUGENE OHM
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500